Receipt No. 0011411

FILED
APR 2 5 2007
U.S. COURT OF FEDERAL CLAIMS

ORIGINAL

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| SECURITAS GmbH WERKSCHUTZ<br>Am Stichlein 9<br>97424 Schweinfurt<br>Germany<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 07- C 07-255 C<br>Judge |

## COMPLAINT ON AN EXPRESS CONTRACT CLAIM

### NATURE OF THE ACTION

1. Plaintiff SECURITAS GmbH Werkschutz, Am Stichlein 9, 97424 Schweinfurt, Germany (SECURITAS) files this Complaint in accordance with RCFC 7(a). SECURITAS seeks declaratory relief and a money judgment under the Contract Disputes Act, 41 U.S.C. § 609(a)(1), and under the Federal Courts Administration Act of 1992, 28 U.S.C. §§ 1491(a)(1), 1491(a)(2). Plaintiff challenges a Final Decision of a Wiesbaden Contracting Center Contracting Officer on March 16th, 2007, 41 U.S.C. §

605(a), a Final Decision asserting a Government Claim against SECURITAS for recoupment of €2,349,576 in payments made between October 2004 and August 2005 under an express Contract between SECURITAS and Headquarters, United States Army, Europe (HQ, USAREUR), Contract Number DABN01-03-R-0029.

2. Plaintiff asserts: (1) that this Government Claim by HQ, USAREUR is a breach of HQ, USAREUR's obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029; (2) that this Government Claim by HQ, USAREUR is a breach of HQ, USAREUR's obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029; and (3) that this Government Claim by HQ, USAREUR is a breach of HQ, USAREUR's obligation of good faith and fair dealing under Contract Number DABN01-03-R-0029.

3. Plaintiff requests that the Court declare: (1) that HQ, USAREUR is in material breach of its obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029; (2) that HQ, USAREUR is in material breach of its obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DAB-

N01-03-R-0029; and (3) that by reason of HQ, USAREUR's breach of its obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029; by reason of HQ, USAREUR's breach of its obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029; and by reason of the Government Claim for recoupment under Contract Number DABN01-03-R-0029, a right not conferred on HQ, USAREUR, HQ, USAREUR is in breach of its obligation of good faith and fair dealing under Contract Number DABN01-03-R-0029.

4. By reason of these breaches of Contract Number DABN01-03-R-0029 Plaintiff seeks also an Award of money damages, these damages based on: (1) recovery of the sums unlawfully recouped by HQ, USAREUR and allowable interest under 41 U.S.C. § 611, and (2) an Award of the attorney fees and costs incurred by Plaintiff resulting from HQ, USAREUR's breach of its obligation of good faith and fair dealing under Contract Number DABN01-03-R-0029.

PARTIES

5. SECURITAS is a Gesellschaft mit beschränkter Haftung (GmbH), a company with limited liability that is registered in the German Commercial Register

(Handelsregister). SECURITAS is a wholly-owned subsidiary of SECURITAS Sicherheitdienste Deutschland Holding GmbH & Co. KG, Salzufer 22, 10587 Berlin, Germany (German Holding). The German Holding (Kommanditgesellschaft) is a limited partnership. The German Holding is itself a wholly-owned subsidiary of Securitas AB (publ), Lindhagensplan 70, SE-102 28, Stockholm, Sweden (Securitas). Securitas is a Swedish public company (Aktiebolag) with its registered head office in Sweden.

6. SECURITAS is the Awardee of Contract Number DABN01-03-R-0029, and thus a proper "Contractor" under the Contract Disputes Act, 41 U.S.C. § 601(4). Contract Number DABN01-03-R-0029 became effective for SECURITAS on July 31st, 2003 when Contract Number DABN01-03-R-0029 was signed by a Contracting Officer at the Wiesbaden Contracting Center, a field activity of the United States Army, Europe.

7. The United States Army is a Military Department of the United States Department of Defense. Defendants Wiesbaden Contracting Center; HQ, USAREUR; and the United States Department of Defense are agencies and entities of the United

States, and the United States Department of Defense is a proper "Executive Agency" under the Contract Disputes Act, 41 U.S.C. § 601(2).

8. Contract Number DABN01-03-R-0029 is an express support services Contract requiring the delivery of non-personal security guard services for the former 98th Area Support Group in the Federal Republic of Germany. Contract Number DABN01-03-R-0029 is an express support services Contract entered into by an Executive Agency for the procurement of services, and thus an Executive Agency Contract to which the Contract Disputes Act applies, 41 U.S.C. § 602(a)(1). Defendants Wiesbaden Contracting Center; HQ, USAREUR; and the United States Department of Defense are hereinafter referred to, collectively, as "the Defendants."

## JURISDICTION

9. This Court has jurisdiction under 28 U.S.C. § 1491(a)(1), 28 U.S.C. § 1491(a)-(2), and 41 U.S.C. § 609(a)(1). The decision by the Wiesbaden Contracting Center Contracting Officer on March 16th, 2007 asserting a Government Claim for recoupment of €2,349,576 in payments made between October 2004 and August 2005 is sufficiently final for the purposes of the Contract Disputes Act, 41 U.S.C. § 605(a) ("All claims by the government against a contractor relating to a contract shall be

the subject of a decision by the contracting officer."); is sufficiently final under 28 U.S.C. § 1491(a)(1) for this Civil Action seeking a money judgment (It is a "claim . . . founded . . . upon any express . . . contract with the United States."); and is sufficiently final under 28 U.S.C. § 1491(a)(2) for this Civil Action seeking declaratory relief because this Civil Action arises, literally, from "a nonmonetary [dispute] on which a decision of the contracting officer has been issued . . . ." *Record Steel and Construction, Inc. v. United States*, 62 Fed. Cl. 508, 520 (2004).

10. This Civil Action is timely filed. SECURITAS received the Final Decision of the Wiesbaden Contracting Center Contracting Officer asserting a Government Claim for recoupment of €2,349,576 on the day after it was issued, March 17th, 2007, and this Civil Action is filed within one year from that date, 41 U.S.C. § 609(a)(3).

## AVERMENTS

Support Services Requirements.

11. Security guard services are required for United States Army, Europe facilities located at Kitzengen, Giebelstadt, Würzburg, Schweinfurt, Bamberg, Katterbach (Ansbach), and Illesheim, all in the Free State of Bavaria, Germany. Contract security guard personnel are to provide, *inter alia*, armed security guard installation access

control, armed roving security patrols, explosive detection and patrol dog teams, armed security guards at United States Department of Defense dependent schools, intrusion detection system monitoring, and pass and badge control.

12. Project Managers, Area Managers, and Site Managers are required to have specific experiences in the armed forces, civilian police, or commercial security agencies. Supervisors are required to fluently speak, read, and write English, to have a "sufficient working knowledge" of German, and to be familiar with United States military regulations and the laws of the Federal Republic of Germany. Security guards are required to have specific civilian or military security guard or police experience. Security guards are to be able to converse in English and in German. All Contractor personnel are to meet specific medical and physical requirements.

13. Training instructors are to be credentialed and certified. Security guards are to meet initial, annual, and quarterly training requirements. School guards and entry/access personnel are to receive specific training. SECURITAS is required to furnish uniforms, badges, weapons, ammunition, vehicles, office equipment, flashlights, spotlights, watch clocks, and radio equipment.

Contract Provisions.

14. Contract Number DABN01-03-R-0029 is a Requirements Contract. Contract Number DABN01-03-R-0029 is effective for a base year and six one-year options. Contract Number DABN01-03-R-0029 is in its fourth year and Requirements to date total €135,572,136.

15. Contract Number DABN01-03-R-0029 invokes the substantive laws of the United States under a Choice of Law clause. Under Contract Number DABN01-03-R-0029 SECURITAS accepts the exclusive jurisdiction of the Armed Services Board of Contract Appeals and the United States Court of Federal Claims "for hearing and determination of any and all disputes that may arise under the Disputes clause of this contract."

16. In delivering non-personal services under Contract Number DABN01-03-R-0029 SECURITAS is required to comply with German labor law. SECURITAS personnel who are not nationals of Germany or other European Union countries must possess German work and residence permits. SECURITAS personnel must be authorized by German law to work in the Federal Republic of Germany.

17. Subparagraph (d) *Disputes* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029 makes Contract Number DABN01-03-R-0029 subject to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601-613, and this *Disputes* clause provides that "[f]ailure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal, or action arising under or related to this contract shall be a dispute to be resolved in accordance with the clause at FAR 52.233-1, Disputes . . . ." This *Disputes* clause requires that SECURITAS "proceed diligently with performance of this contract, pending final resolution of any dispute arising under the contract."

18. The DISPUTES (JUL 2002) clause of Contract Number DABN01-03-R-0029 defines as a "Claim" subject to this clause "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract." Pending final resolution of any request for relief, claim, appeal or action, this DISPUTES (JUL 2002) clause of Contract Number DABN01-03-R-0029 requires that the Contractor "proceed diligently with performance . . . and comply with any decision of the Contracting Officer."

Payment Provisions.

19. Contract Number DABN01-03-R-0029 provides separate Contract Line Item Numbers (CLINs) for security guard services to be delivered. There are, for instance, subCLINs for stationary armed guards, for armed guard supervisors, for armed school guards, for armed patrol dog teams, and for mobile vehicle and cargo inspection (mobilesearch) teams. For each subCLIN Contract Number DABN-01-03-R-0029 sets out a firm fixed-price hourly rate in Euros and an estimated number of hours. Delivery Orders issued under Contract Number DABN01-03-R-0029 set out annual on-duty post hours for specific geographic locations.

20. Contract Number DABN01-03-R-0029 provides:

> The estimated quantity of hours only represents the hours devoted to providing the service itself at the post, [and] not any other period of time that may be required for related purposes such as training, vacation, testing, overlap for briefing, etc. The on-duty post hours are not the same as the hours that the contractor may require employees to work or the hours for which the contractor may pay employees. Offerors must carefully review the PWS [Performance Work Statement], the estimated quantities and guard deployment to determine what is required for each type of guard service and location to determine the employee work hours, equipment, vehicles, certifications, resources, manpower, training, administration and other related categories of expense required to provide the on-duty post hours.

21. The Payment and Invoicing Procedures clause of Contract Number DABN-01-03-R-0029 requires that invoices are to be prepared and submitted monthly for the previous month's services, that the Contracting Officer's Representative (COR) is to examine these invoices for correctness, that any problems are to be referred by the COR to the Contracting Officer, and that upon certification by the COR these monthly invoices are to be forwarded for payment.

22. Subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029 requires that "[p]ayment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract." Subparagraph (a) *Inspection/Acceptance* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029 gives HQ, USAREUR no right of recoupment of payments made for nonconforming services. Rather, this clause affords HQ, USAREUR only the right to require "re-performance of nonconforming services at no increase in contract price."

Defendants' Breaches.

23. In early 2004 one of HQ, USAREUR's Site Contracting Officer's Representatives (SCORs) delivered to SECURITAS a copy of the CONTRACT GUARD QUALITY ASSURANCE STANDARD OPERATING PROCEDURES (SOP), this a document authored by the Office of the Provost Marshall, HQ, USAREUR. Attachment 1. Paragraph 6, "Certification Procedures for Invoice Payment" of Annex A of this document requires that SCORs immediately review monthly invoices for guard services, and that SCORs provide monthly a *Contract Guard Invoice Hours Certification Report*. These *Contract Guard Invoice Hours Certification Reports* require for each specific geographic location monthly reconciliations of guard service hours ordered by Delivery Orders with guard service hours worked.

24. The CONTRACT GUARD QUALITY ASSURANCE STANDARD OPERATING PROCEDURES (SOP) is not a requirement of Contract Number DABN01-03-R-0029. Monthly payments have been, and continue to be, made under Contract Number DABN01-03-R-0029 without *Contract Guard Invoice Hours Certification Reports*.

25. On October 19th, 2006 SECURITAS presented to the Wiesbaden Contracting Center Contracting Officer a reconciliation of guard service hours ordered by

Delivery Orders with guard service hours worked at specific geographic locations. This reconciliation covered the period from October 2004 through August 2005. This reconciliation showed a difference between guard service hours ordered and guard service hours worked amounting to €2,349,576 in payments made between October 2004 and August 2005.

26. On January 23rd, 2007 the Wiesbaden Contracting Center Contracting Officer wrote SECURITAS about this reconciliation that had been performed by SECURITAS and there the Wiesbaden Contracting Center Contracting Officer characterized this difference between guard service hours ordered and guard service hours worked as an "overbilling." The Wiesbaden Contracting Center Contracting Officer did not assert that the CONTRACT GUARD QUALITY ASSURANCE STANDARD OPERATING PROCEDURES (SOP) is a requirement of Contract Number DABN01-03-R-0029. The Wiesbaden Contracting Center Contracting Officer did not assert HQ, USAREUR's right to re-performance of the guard service hours ordered but not recorded as guard service hours worked at specific geographic locations.

27. SECURITAS met with the Wiesbaden Contracting Center Contracting Officer and others concerning Contract Number DABN01-03-R-0029 on January 29th, 2007.

28. SECURITAS submitted to the Wiesbaden Contracting Center Contracting Officer two certified Claims that have arisen under Contract Number DABN01-03-R-0029, the first a €1,819,285 Claim of January 26th, 2007 for costs incurred by SECURITAS under the Compliance with Local Labor Laws provision of Contract Number DABN01-03-R-0029, costs of compliance with an Agreement between SECURITAS and its Works Council, costs that result from reductions in guard services effective August 1st, 2005 and November 1st, 2006. The second Claim is a €230,373 Claim of January 29th, 2007 for costs incurred by SECURITAS for the services of armed patrol dog teams that were delivered by SECURITAS during the period October 1st, 2004 through September 30th, 2005 and have not been paid.

29. The Wiesbaden Contracting Center Contracting Officer did not on or before April 2nd, 2007, as required by 41 U.S.C. § 605(c)(2), either issue a decision on these

certified Claims, else notify SECURITAS of the time within which a decision would be issued.

The Wiesbaden Contracting Center Contracting Officer's Final Decision.

30. On March 16th, 2007 the Wiesbaden Contracting Center Contracting Officer issued his Final Decision demanding, as a Government Claim, recoupment of €2,349,576 as an "overpayment" made for Orders issued from October 2004 through August 2005. Attachment 2.

31. Consonant with its obligations under subparagraph (d) *Disputes* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029 and under the DISPUTES (JUL 2002) clause of Contract Number DABN01-03-R-0029, SECURITAS is making periodic payments on the Government's Claim of March 16th, 2007, these by making monthly offsets of €400,000 against monthly invoices commencing in March 2007. SECURITAS has expressly reserved its right to Dispute the Wiesbaden Contracting Center Contracting Officer's Final Decision of March 16th, 2007.

## COUNT I
## DEFENDANTS ARE IN MATERIAL BREACH OF THEIR OBLIGATIONS UNDER THE PAYMENT AND INVOICING PROCEDURES CLAUSE.

32. Plaintiff incorporates and re-alleges paragraphs numbers 1. through 31. hereinabove as if fully set forth herein.

33. The Government Claim by HQ, USAREUR is a material breach of HQ, USAREUR's obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029. *Northern Helex Company v. United States*, 455 F.2d 546, 550-51 (Ct. Cl. 1972).

34. Subparagraph (a) *Inspection/Acceptance* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029 gives HQ, USAREUR no right of recoupment of payments made for nonconforming services. Rather, this clause affords HQ, USAREUR only the right to require "re-performance of nonconforming services at no increase in contract price."

35. The CONTRACT GUARD QUALITY ASSURANCE STANDARD OPERATING PROCEDURES (SOP) is not a requirement of Contract Number DABN01-03-R-0029.

Monthly payments have been, and continue to be, made under Contract Number DABN01-03-R-0029 without *Contract Guard Invoice Hours Certification Reports.*

COUNT II
DEFENDANTS ARE IN MATERIAL
BREACH OF THEIR OBLIGATIONS
UNDER THE *PAYMENT* CLAUSE.

36. Plaintiff incorporates and re-alleges paragraphs numbers 1. through 31. hereinabove as if fully set forth herein.

37. The Government Claim by HQ, USAREUR is a material breach of HQ, USAREUR's obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029. *Northern Helex Company v. United States*, 455 F.2d 546, 550-51 (Ct. Cl. 1972).

38. Subparagraph (a) *Inspection/Acceptance* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029 gives HQ, USAREUR no right of recoupment of payments made for nonconforming services. Rather, this clause affords HQ, USAREUR only the right to require "re-performance of nonconforming services at no increase in contract price."

39. The CONTRACT GUARD QUALITY ASSURANCE STANDARD OPERATING PROCEDURES (SOP) is not a requirement of Contract Number DABN01-03-R-0029. Monthly payments have been, and continue to be, made under Contract Number DABN01-03-R-0029 without *Contract Guard Invoice Hours Certification Reports.*

COUNT III
DEFENDANTS ARE IN BREACH OF
THEIR OBLIGATION OF GOOD FAITH AND FAIR DEALING
UNDER CONTRACT NUMBER DABN01-03-R-0029.

40. Plaintiff incorporates and re-alleges paragraphs numbers 1. through 31. hereinabove as if fully set forth herein.

41. By reason of HQ, USAREUR's breach of its obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029; by reason of HQ, USAREUR's breach of its obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029; and by reason of the Government Claim for recoupment under Contract Number DABN01-03-R-0029, a right not conferred on HQ, USAREUR, HQ, USAREUR is in breach of its obligation of good faith and fair dealing under Contract Number DABN01-03-R-0029. *North Star Alaska Housing*

*Corp. v. United States*, Nos. 98-168C, 02-1632C & 03-2699C, March 7th, 2007, 2007 *U.S. Claims LEXIS 108, *100-*111.*

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) that the Court declares that HQ, USAREUR is in material breach of its obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029;

(b) that the Court declares that HQ, USAREUR is in material breach of its obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029;

(c) that the Court declares that that by reason of HQ, USAREUR's breach of its obligations under the Payment and Invoicing Procedures clause of Contract Number DABN01-03-R-0029; by reason of HQ, USAREUR's breach of its obligations under subparagraph (i) *Payment* of the CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (FEB 2002) clause of Contract Number DABN01-03-R-0029; and by reason of the Government Claim for recoupment under Contract Number DABN01-03-R-0029, a right not conferred on HQ, USAREUR, HQ, USAREUR is in breach of

its obligation of good faith and fair dealing under Contract Number DABN01-03-R-0029;

(d) that this Court Awards Plaintiff money damages, these damages based on: (1) recovery of the sums unlawfully recouped by HQ, USAREUR and allowable interest under 41 U.S.C. § 611, and (2) an Award of the attorney fees and costs incurred by Plaintiff resulting from HQ, USAREUR's breach of its obligation of good faith and fair dealing under Contract Number DABN01-03-R-0029; and

(e) that this Court grants Plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500;
Virginia State Bar Number 03135
April 25th, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
SECURITAS GmbH Werkschutz.