IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SECURITAS GmbH WERKSCHUTZ, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-255C (Judge Sweeney) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIMS

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first and second sentences of paragraph 1 constitute plaintiff's styling of the case to which no answer is required; admits the allegation contained in the third sentence of paragraph 1 to the extent supported by the contracting officer's final decision of March 16, 2007, attached to plaintiff's complaint as Attachment 2, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 1; avers that the contract number given here, and throughout plaintiff's complaint is incorrect. The correct contract number is DABN01-03-D-0029 ("the contract").

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in the first sentence of paragraph 5; denies the remaining allegations contained in paragraph 5 for lack of knowledge or information sufficient to

form a belief as to their truth.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits.

8. Admits the allegation contained in the first sentence of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 8. The allegation contained in the second sentence of paragraph 8 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the third sentence of paragraph 8 is plaintiff's styling of the case to which no answer is required.

9. The allegations contained in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. The allegation contained in the first sentence of paragraph 10 constitutes a conclusion of law to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the second sentence of paragraph 10 to the extent supported by the contracting officer's decision cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 10. Defendant avers that the contracting officer's decision cited was issued on March 16, 2007.

11. Admits the allegation contained in the first sentence of paragraph 11; admits the remaining allegations contained in paragraph 11 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the contract,

which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Denies. This language appeared in the CLIN descriptions in the solicitation DABN01-03-R-0005, but that particular CLIN did not become part of the contract.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegation contained in the first sentence of paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 22. The allegations contained in the second and third sentences of paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Denies the allegation contained in the first sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to its truth regarding the date that Attachment 1 to the complaint was delivered to plaintiff; admits the remaining allegations contained in paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegation contained in the first sentence of paragraph 24; denies the allegation contained in the second sentence of paragraph 24, and avers that since the introduction of the SOP in early 2004, the Site Contracting Officer's Representatives (SCORs) have followed its provisions and submitted the Contract Guard Invoice Hours Certification Reports.

25. Admits the allegations contained in the first and second sentences of paragraph 25; denies the allegation contained in the third sentence of paragraph 25 and avers that the presentation identified the amount as €2,359,576, not €2,349,576.

26. Admits the allegations contained in paragraph 26 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Denies the allegation contained in paragraph 27, because the meeting took place on January 30, 2007.

28. Admits the allegations contained in paragraph 28 to the extent supported by the two claims cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegation contained in paragraph 29 that the contracting officer did not issue a final decision or notify plaintiff of when such a decision would be issued by April 2, 2007.

30. Admits the allegations contained in paragraph 30 to the extent supported by the contracting officer's final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits.

32. Defendant reasserts its responses to paragraphs 1 through 31 of the complaint.

33. The allegations contained in paragraph 33 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegation contained in the first sentence of paragraph 35 constitutes a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph 35. See response to ¶ 24.

36. Defendant reasserts its responses to paragraphs 1 through 31 of the complaint.

37. The allegations contained in paragraph 37 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegation contained in the first sentence of paragraph 39 constitutes a conclusion of law to which no answer is required; to the extent that it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph 35. See response to ¶ 24.

40. Defendant reasserts its responses to paragraphs 1 through 31 of the complaint.

41. The allegations contained in paragraph 41 are conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

42. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 41, or to any relief whatsoever.

43. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S COUNTERCLAIMS

44. These counterclaims arise under the False Claims Act, 31 U.S.C. §§ 3729-3732; the Contracts Disputes Act, 41 U.S.C. § 604; the Forfeiture Statute, 28 U.S.C. § 2514; and common law. The Court has jurisdiction under 28 U.S.C. §§ 1503, 2508, and 41 U.S.C. § 609.

45. Securitas GmbH Werkshutz ("plaintiff") is a German company that has contracted with the U.S. Army to provide security guard services for U.S. military installations in Germany pursuant to contracts DAJA-2200-C-5118 and DABN01-03-D-0029 ("the contracts at issue"). Plaintiff's parent company, Securitas AB, is based in Stockholm, Sweden, and does business in the United States through its wholly-owned subsidiary, Securitas Holdings, Inc., a Delaware Corporation, addressed at 2 Campus Dr., Parsippany, NJ 07054.

46. The contracts relevant to these counterclaims are requirements contracts that set out separate

contract sub-line item numbers for specified guard services, at specified fixed hourly rates. Delivery orders under the contracts established duty hours for specified geographic locations. Plaintiff was to bill under the contracts only for those services authorized and actually provided.

47. Between 2002 and 2006, however, plaintiff routinely invoiced the Army for guard hours in excess of those actually worked, as reflected in the company's own payroll records. The hours charged for services not provided include those listed in Exhibit A, and encompass those for which plaintiff attempts to recover payment in this action.

<u>FIRST COUNTERCLAIM</u>
(False Claims Act, 31 U.S.C. § 3729)

48. Defendant incorporates the allegations contained in the preceding paragraphs.

49. By submitting claims for payment for guard hours in excess of those actually authorized and worked, as reflected in the company's own payroll records, plaintiff knowingly submitted false claims for payment under the contracts at issue.

50. By virtue of the conduct described above, plaintiff knowingly presented to an officer or employee of the Government, or a member of the United States Armed Forces, false claims for payment and approval, in violation of 31 U.S.C. § 3729(a)(1). Plaintiff thus knowingly caused the payment of false claims by defendant upon the contracts at issue in an amount of at least $14.5 million.

<u>SECOND COUNTERCLAIM</u>
(Contract Disputes Act, 41 U.S.C. § 604)

51. Defendant incorporates the allegations contained in the preceding paragraphs.

52. Plaintiff is liable to defendant pursuant to the Contract Disputes Act, 41 U.S.C. § 604, because it is unable to support the amount of its claim and its inability to support that claim is

attributable to the fraud committed by plaintiff.

53. Defendant is entitled to recover from plaintiff under the Contract Disputes Act, 41 U.S.C. § 604, the unsupported portion of its claim. In addition to that amount, defendant is entitled to recover the Government's cost of reviewing that unsupported claim.

THIRD COUNTERCLAIM
(Special Plea in Fraud, 28 U.S.C. § 2514)

54. Defendant incorporates the allegations contained in the preceding paragraphs.

55. Plaintiff has corruptly practiced or attempted to practice fraud against defendant in the proof,

statement, establishment, or allowance of a claim against the United States.

56. By virtue of the foregoing, defendant is entitled to a judgement of forfeiture of plaintiff's entire complaint in this action.

FOURTH COUNTERCLAIM
(Unjust Enrichment)

57. Defendant incorporates the allegations contained in the preceding paragraphs.

58. By receiving payments under contracts with the Government for services not performed, plaintiff was unjustly enriched in an amount of at least $14.5 million, to the detriment of defendant.

FIFTH COUNTERCLAIM
(Payment Under Mistake of Fact)

59. Defendant incorporates the allegations contained in the preceding paragraphs.

60. Defendant made payments for claims arising from contracts with plaintiff in reliance upon its misrepresentations.

61. By reason of payments made in reliance upon plaintiff's misrepresentations, the United

States has been damaged in the amount of at least $14.5 million.

SIXTH COUNTERCLAIM
(Breach of Contract)

62. Defendant incorporates the allegations contained in the preceding paragraphs.

63. Plaintiff's conduct as described above, materially breached its contracts with defendant, resulting

in damages to the Government of at least $14.5 million.

PRAYER FOR RELIEF

WHEREFORE, defendant prays that this Court enter a judgment in its favor and against plaintiff upon the Government's counterclaims as follows:

A. Under the First Counterclaim (False Claims Act), for treble damages in the amount of $43.5 million or as further established at trial, plus a penalty of $5,500 to $11,000 for each false claim as established at trial.

B. Under the Second Counterclaim (Contract Disputes Act), for damages in the amount of the unsupported portion of plaintiff's claim, plus the cost of reviewing that claim.

C. Under the Third Counterclaim (Special Plea in Fraud), for forfeiture of plaintiff's entire claim in this action.

D. Under the Fourth Counterclaim (Unjust Enrichment), for damages equal to $14.5 million, or as further established at trial.

E. Under the Fifth Counterclaim (Payment by Mistake), for damages equal to $14.5 million, or as further established at trial.

F. Under the Sixth Counterclaim (Breach of Contract), for damages equal to $14.5 million, or as further established at trial.

G. Such other and further relief as the Court may deem just and proper, together with interest and costs.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/
STEVEN J. GILLINGHAM
Assistant Director

s/
ARMANDO RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

Of Counsel:
STANLEY E. ALDERSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

PATRICK L. GARY
Major, JA, U.S. Army
Litigation Attorney
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, Virginia 22203

August 23, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of August, 2007, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Armando Rodriguez-Feo