# In the United States Court of Federal Claims

| | | |
|---|---|---|
| **SECURITAS GmbH WERKSCHUTZ** | ) | |
| **Plaintiff**, | ) | |
| **v.** | ) | **Nos. 07-255C, 07-256C & 07-257C,** |
| | ) | **Judge Margaret M. Sweeney** |
| **THE UNITED STATES,** | ) | |
| **Defendant**. | ) | |

PLAINTIFF'S MOTION TO DISMISS
FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER

In accordance with RCFC 7(b)(1) and 12(b)(1) Plaintiff SECURITAS GmbH Werkschutz, Am Stichlein 9, 97424 Schweinfurt, Germany (SECURITAS) files this Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter.

SECURITAS' Complaints in all of these three Civil Actions were filed on April 25th, 2007 and all three Complaints arise under the Contract Disputes Act, 41 U.S.C. § 609(a)(1), and there under an express Contract between SECURITAS and Headquart-

ers, United States Army Europe (HQ, USAREUR), Contract Number DABN01-03-D-0029.

Civil Action Number 07-255C challenges a Final Decision of Wiesbaden Contracting Center Contracting Officer on March 16th, 2007, 41 U.S.C. § 605(a), a Final Decision asserting a Government Claim against SECURITAS for recoupment of €2,349,576 in payments made under Contract Number DABN01-03-D-0029 between October 2004 and August 2005.

Civil Action Number 07-256C challenges the Wiesbaden Contracting Center Contracting Officer's deemed denial, under 41 U.S.C. § 605(c)(2), of a certified Claim for €1,819,285 by SECURITAS arising by reason of SECURITAS' performance under the Compliance with Local Labor Laws clause of Contract Number DABN01-03-D-0029.

Civil Action Number 07-257C challenges the Wiesbaden Contracting Center Contracting Officer's deemed denial, under 41 U.S.C. § 605(c)(2), of a certified Claim for €230,373 by SECURITAS arising by reason of HQ, USAREUR's failure to make payment for Armed Patrol Dog Team services ordered by HQ, USAREUR.

On Thursday, August 23rd, 2007 Defendant filed its Answers and Counter-Claims in Civil Actions Numbers 07-255C, 07-256C, and 07-257C. In each Civil Action De-

fendant has filed Counter-Claims under the False Claims Act, 31 U.S.C. § 3729(a)(1) (First Counter-Claim); under the Contract Disputes Act's Anti-Fraud provision, 41 U.S.C. § 604 (Second Counter-Claim); under the Forfeiture Statute, 28 U.S.C. § 2514 (Third Counter-Claim); and under Common Law (Fourth Counter-Claim—Unjust Enrichment), (Fifth Counter-Claim—Payment Under Mistake of Fact), and (Sixth Counter-Claim—Breach of Contract).

Defendant supports its Counter-Claims with the same Exhibit A filed in each Civil Action, an Exhibit A which shows that SECURITAS has purportedly billed €10,537,118 for guard services not rendered, this including €2,048,395 under Contract Number DAJA22-00-C-5118 for billings from January 2002 through August 2003 and €8,488,723 under Contract Number DABN01-03-D-0029 for billings from September 2003 through December 2006.

Prior to the filing of Defendants' Counter-Claims the only Contract at issue in these three Civil Actions was Contract Number DABN01-03-D-0029. There have been no Wiesbaden Contracting Center Contracting Officer Final Decisions under 41 U.S.C. § 605(a) on Contractor Claims or on Government Claims which concern Contract Number DAJA22-00-C-5118. There have been no Actions filed, or Appeals ta-

ken, from Wiesbaden Contracting Center Contracting Officer deemed denials, 41 U.S.C. § 605(c)(2), under Contract Number DAJA22-00-C-5118.

Under Contract Number DABN01-03-D-0029 there have been no Wiesbaden Contracting Center Contracting Officer Final Decisions, 41 U.S.C. § 605(a), concerning unjust enrichment, payment under mistake of fact, or breach of Contract. Under Contract Number DABN01-03-D-0029 there have been no Actions filed, or Appeals taken, from Wiesbaden Contracting Center Contracting Officer deemed denials, 41 U.S.C. § 605(c)(2), concerning unjust enrichment, payment under mistake of fact, or breach of Contract.

The accounting data presented in the Exhibits A filed in these three Civil Actions have not been compiled by the Defense Contract Audit Agency or other competent auditors. The accounting data presented in the Exhibits A filed in these three Civil Actions was not presented to SECURITAS before Thursday, August 23rd, 2007 and SECURITAS has not been given an opportunity to comment on its accuracy, or better said, its inaccuracy.

The accounting data presented in the Exhibits A filed in these three Civil Actions concerns books and records compiled in the Federal Republic of Germany, not in the

United States. There is no attempt in this accounting data, most of which concerns hours worked by German nationals in the Federal Republic of Germany, to reconcile hours reported as worked in these Exhibits A to the hours reported by SECURITAS to German Federal authorities in Betriebskostenabrechnungsbogen (BAB) reports, BAB reports which summarize payroll data for German taxing and social programs.

The accounting data presented in the Exhibits A filed in these three Civil Actions omits entirely hours worked, and hours billed, for guard services delivered by SECURITAS under Contract Number DABN01-03-D-0029 in 2004 and in 2005 at the Army's Bad Kissingen Housing Area.

SECURITAS will timely respond to these Counter-Claims as is required by RCFC 12(a)(1). But before it does so, there is a problem with Defendant's Counter-Claims based on Common Law. And the problem is this Court's lack of subject matter jurisdiction as to these Common Law Counter-Claims.

Save for Defendant's Counter-Claims based on the Contract Disputes Act's Anti-Fraud provision, 41 U.S.C. § 604; or on the False Claims Act, 31 U.S.C. § 3729; or under the Special Plea in Fraud provision, 28 U.S.C. § 2514, *Martin J. Simko Construction, Inc. v. United States*, 852 F.2d. 540, 545, 547-48 (Fed. Cir. 1988), a prerequisite to

subject matter jurisdiction over any of Defendant's Counter-Claims is a Contracting Officer's Final Decision under the Contract Disputes Act, 41 U.S.C. § 605(a), *The Sharman Company, Inc. v. United States*, 2 F.3d 1564, 1568-69, 1573 (Fed. Cir. 1993).

There have been no Contracting Officer's Final Decisions, 41 U.S.C. § 605(a), on the Defendant's Common Law Counter-Claims arising under Contract Number DA-BN01-03-D-0029 or under Contract Number DAJA22-00-C-5118. And there should have been:

> Moreover, to entertain defendant's purported "mirror image" counter-claim on this record would not accord with the purpose and spirit of the CDA, under which the "exhaustion of administrative remedies should occur before the case is ripe for judicial review." *Placeway*, 920 F.2d at 906. *This exhaustion requirement acknowledges that, in enacting the CDA, Congress sought to promote the efficient resolution of contract claims by relying in the first instance upon the contracting officer's general experience in the administration of Government contracts and specific knowledge of the contract and parties in question. Joseph Morton Co.*, 757 F.2d at 1280. For this reason, "both issues of liability and of damages should usually be resolved [by the contracting officer] before judicial review is sought." *Placeway*, 920 F.2d at 906. Defendant presented no evidence suggesting that it raised any contemporaneous objection to the contracting officer's decision to award plaintiff the sum of $11,208. Unaware that defendant contested—or would later contest—this equitable adjustment, the contracting officer plainly was given no opportunity whatever to resolve defendant's counterclaim on the merits.[27] Lacking any credible evidence suggesting that defendant even pursued, much less exhausted, its administrative remedy before the contracting

> officer, we conclude that accepting jurisdiction over defendant's counter-claim would frustrate the intended scheme of the CDA.

*Blinderman Construction Company, Inc. v. United States*, 39 Fed. Cl. 529, 560 (1997) (Emphasis added).

Defendant's Common Law Counter-Claims have not been the subject of Contracting Officer's Final Decisions as is required by 41 U.S.C. § 605(a). Lacking such Contracting Officer Final Decisions, this Court is without subject matter jurisdiction over Defendant's Common Law Counter-Claims. SECURITAS thus respectfully moves that these Common Law Counter-Claims in all three Civil Actions be summarily dismissed.

Respectfully submitted,

/s/ Cyrus E. Phillips, IV

Cyrus E. Phillips, IV
District of Columbia Bar Number 456500;
Virginia State Bar Number 03135
August 31st, 2007

1828 L Street, N.W., Suite 660
Washington, D.C. 20036-5112
Telephone: (202) 466-7008
Facsimile: (202) 466-7009
Electronic Mail: lawyer@procurement-lawyer.com

Attorney of record for Plaintiff,
SECURITAS GmbH Werkschutz.

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on Friday, August 31st, 2007 a true and complete copy of this Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Armando A. Rodriguez-Feo, Esq.

Electronic Mail: Armando.Rodriguez-Feo@usdoj.gov

Attorney of record for Defendant,
Headquarters, United States Army Europe.

/s/ Cyrus E. Phillips, IV

________________________
Cyrus E. Phillips, IV