# In the United States Court of Federal Claims

| | | |
|---|---|---|
| SECURITAS GmbH WERKSCHUTZ,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Nos. 07-255C<br>Judge Margaret M. Sweeney |

PLAINTIFF'S RESPONSE TO DEFENDANT'S COUNTERCLAIMS

For its response to Defendant's counterclaims, Plaintiff admits, denies, and avers the following:

44. The allegations contained in paragraph 44 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

45. Plaintiff admits the first sentence and avers that Contract Nos. DAJA22-00-C-5118 and DABN01-03-D-0029 are the best evidence of their contents as well as Plaintiff's and Defendant's obligations thereunder. Plaintiff avers that it is a wholly-owned subsidiary of Securitas Sicherhetdienste Deutschland Holding GmbH, which is a wholly-owned subsidiary of Securitas AB. Plaintiff admits that Securitas Holdings, Inc. does business in the United States, but denies the implication that Plaintiff exercises any control over Securitas Holdings, Inc.

46. Admits the allegations in paragraph 46 to the extent supported by the contracts, which are the best evidence of their contents as well as Plaintiff's and Defendant's obligations thereunder; otherwise denies the allegations contained in paragraph 46.

47. Plaintiff avers that it can neither admit nor deny this allegation due to the fact that the term "company's own payroll records" is ambiguous.

FIRST COUNTERCLAIM
(False Claims Act, 31 U.S.C. §3729)

48. Plaintiff reasserts its responses to paragraphs 44 through 47 of Defendant's counterclaims.

49. Plaintiff avers that it can neither admit nor deny this allegation due to the fact that the term "company's own payroll records" is ambiguous. The remainder of the allegations in paragraph 49 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

SECOND COUNTERCLAIM
(Contract Disputes Act, 41 U.S.C. § 604)

51. Plaintiff reasserts its responses to paragraphs 44 through 50 of Defendant's counterclaims.

52. The allegations contained in paragraph 52 constitute conclusions of law to which no answer is required. To the extent they may deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

THIRD COUNTERCLAIM
(Special Plea in Fraud, 28 U.S.C. § 2514)

54. Plaintiff reasserts its responses to paragraphs 44 through 53 of Defendant's counterclaims.

55. The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

56. The allegation contained in paragraph 56 constitutes a conclusion of law to which no answer is required. To the extent it may be deemed an allegation of fact, it is denied.

FOURTH COUNTERCLAIM
(Unjust Enrichment)

57. Plaintiff reasserts its responses to paragraphs 44 through 56 of Defendant's counterclaims.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

FIFTH COUNTERCLAIM
(Payment Under Mistake of Fact)

59. Plaintiff reasserts its responses to paragraphs 44 through 58 of Defendant's counterclaims.

60. Plaintiff denies the allegation for lack of knowledge or information sufficient to form a belief as to its truth.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

SIXTH COUNTERCLAIM
(Breach of Contract)

62. Plaintiff reasserts its responses to paragraphs 44 through 61 of Defendant's counterclaims.

63. The allegation contained in paragraph 63 constitutes a conclusion of law to which no answer is required. To the extent it may be deemed an allegation of fact, it is denied.

PRAYER FOR RELIEF

64. Denies that Defendant is entitled to the relief set forth in the prayer for relief immediately following paragraph 63.

65. Plaintiff denies each and every allegation not previously admitted or otherwise qualified.

Respectfully submitted,

s/ John J. Pavlick, Jr. by s/ Paul Debolt

John J. Pavlick, Jr.
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Electronic Mail: jpavlick@venable.com

Attorney of Record for Plaintiff

Of Counsel:
Paul A. Debolt
Venable LLP
575 7th Street, N.W.
Washington, DC 20004-1601
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
Electronic Mail: padebolt@venable.com

Date: February 15, 2008

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on Friday, February 15, 2008, a true and complete copy of Plaintiff's Response to Defendant's Counterclaims was filed electronically via the Court's Electronic Case Filing System, through which notice of this filing will be sent to:

Armando A. Rodriguez-Feo, Esquire
Electronic Mail: Armando.Rodriguez-Feo@usdoj.gov
Attorney of Record for Defendant
Headquarters, United States Army Europe.

s/ John J. Pavlick, Jr. by s/ Paul Debolt

________________________________

John J. Pavlick, Jr.