IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SECURITAS GmbH WERKSCHUTZ, Plaintiff, | ) | |
| v. | ) | No. 07-255C (Judge Sweeney) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the United States Court of Federal Claims ("RCFC"), defendant, The United States, respectfully requests that the Court dismiss the complaint filed by plaintiff, Securitas GmbH Werkschutz ("Securitas"), for failure to state a claim upon which relief can be granted, because Securitas fails to allege a breach of any provision of the contract by the Government. First, Securitas erroneously billed and received payment from the Government for security services that had not been performed, resulting in the Government withholding payments from subsequent invoices to recoup the overpayments. Securitas does not dispute that it billed the Government for work that was not performed, but inexplicably and improperly relies upon contract provisions concerning re-performance of inadequate services to challenge the Government's recoupment of the overpayments. Second, notwithstanding that the contract entitles Securitas to be paid only for armed patrol dog security services actually provided. Securitas claims that it is entitled to alleged preparatory costs. In support of this motion, the Government relies upon the Complaints filed by Securitas, the attachments to the Complaint, the Government's Answer and Counterclaims, Plaintiff's Response to Defendant's Counterclaims, and the attached brief.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUES

1. Whether the Court must dismiss Counts I and II of Complaint No. 07-255C[1] for failure to state a claim upon which relief can be granted, given the Government's inherent authority to recover overpayments resulting from Securitas erroneously billing the Government for security services that it never performed.

2. Whether the allegations presented in Counts I and II of Complaint No. 07-255C pursuant to the Payments and Invoicing Procedures Clause, and the Payments Clause fail to state a claim, inasmuch as those contract clauses address inadequate security services in contrast to what occurred here – improper billing (i.e., for services that were never performed).

3. Whether the Court must dismiss Count III of Complaint No. 07-255C for failure to state a claim upon which relief can be granted, given that Securitas relies upon the same erroneous allegations in Counts I and II of Complaint No. 07-255C for its breach of the covenant of good faith and fair dealing claim?

4. Whether the Court must dismiss Complaint No. 07-257C for failure to state a claim upon which relief can be granted because Securitas failed to allege that it performed any armed patrol dog services for which payment the Government would have to pay and, therefore, Securitas has not alleged a breach of the Payment Clause?

[1] Securitas filed three separate complaints on April 25, 2007, concerning alleged breaches of the same contract with the Government: No. 07-255C, No. 07-256C, and No. 07-257C. This Court granted Securitas's motion to consolidate the cases under No. 07-255C on May 2, 2008.

## STATEMENT OF FACTS

### Contract Formation

Securitas and the Government entered into a requirements contract number DABN01-03-R-0029 ("contract"), with an effective date of July 31, 2003. Compl. No. 07-255C ¶¶ 8,11; Compl. No. 07-257C ¶¶ 6, 14. The contract concerned security guard services for certain United States Army installations in Germany. Compl. No. 07-255C; Compl. No. 07-257C ¶¶ 8, 11. The contract included various security services including, installation access control, patrols, explosive detection and patrol dog teams, school security, intrusion detection system monitoring, and pass and badge control. Compl. No. 07-255C; Compl. No. 07-257C ¶ 11. The contract provided for a base period, beginning from September 1, 2003, and continuing for one year, with six additional one-year option periods. Compl. No. 07-255C; Compl. No. 07-257C ¶ 14.

### The Contract's Requirements and Task Order 7

The contract provided separate contract line item numbers (CLINs) and sub-CLINs for various security guard services. Compl. No. 07-257C ¶ 19. The contract established firm fixed-price hourly rates for each CLIN. See Compl. No. 07-257C ¶ 19. The contract provided that the Government would issue task orders to fulfill its security service requirements. Defense Exhibit ("DX") A at 8, clause 52.252-18. The task orders had two parts: (1) the task order or amendment, indicating which sub-CLINs had been funded (DX B at 1-6), and (2) a schedule ("attachment"), describing the specific services to be performed and specifying the hours and locations of those services (DX B at 7-8).[2] Task Order 7, issued on October 1, 2004, funded sub-

[2] Task Order 7 is cited in Securitas's Complaint No. 07-257C. The issue is whether Securitas performed the armed patrol dog services, listed therein. To the extent that the Court considered the contents of DX B, the Government understands that the Court may convert that part of our motion seeking to dismiss Complaint No. 07-257C to one for summary judgment. D&D Landholding v. United States, 82 Fed. Cl. 329, 341 (2008).

CLIN 1003AG, Armed Patrol Dog Teams, for 35,280 hours, at a rate of €36.36 per hour for a total of €1,282,780.80. DX B at 4; Compl. ¶ 20. Task Order 7 did not order any armed patrol dog services as the attachment did not indicate any locations where armed patrol dog services would be required during this period. DX B at 7.

Securitas's Over-billing

The contract required Securitas to submit monthly invoices to the contracting officer's representative for any security services it provided in the previous month. Compl. No. 07-255C ¶ 21. The invoices were then reviewed and approved for payment. Id.

Over the course of many months, Securitas submitted invoices and received payment for security services that had not been provided, which Securitas documented in a "reconciliation" that it presented to the Government on October 19, 2006. Compl. No. 07-255C ¶ 25. This reconciliation reflected overpayments totaling €2,349,576 between October, 2004, and August, 2005, for security services that were not provided. Id. The Government representatives, including the contracting officer, met with representatives of Securitas on January 29, 2007, to discuss this issue. Compl. No. 07-255C ¶ 27. The Government issued a contracting officer's final decision finding that the Government was entitled to recoup the €2,349,576 in overpayments. Compl. No. 07-255C ¶ 3; Compl. No. 07-255C, Attach. 2.

ARGUMENT

I. Standard Of Review

A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not under the law entitle him to a remedy. Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). In considering such a motion, the court assumes all well-pled factual allegations as true and makes all reasonable inferences in favor of the non-movant. Id. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss

does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). In order to survive a 12(b)(6) motion to dismiss, the complaint must allege “enough fact[s] to raise a reasonable expectation that discovery will reveal evidence” to support the claims. Id. at 1966. In addition, where a plaintiff has attached materials to his complaint, these materials may be considered as part of the complaint upon a motion to dismiss. Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1342 n. 6 (Fed. Cir. 2006).

For purposes of this motion, the Government accepts as true all of the material facts pleaded by Securitas; yet, even so, Securitas has failed to allege an act by the Government that constitutes a breach of the contract. As such, it has failed to state a claim upon which relief can be granted.

## II. The Court Should Dismiss Counts I and II of Complaint No. 07-255C Because Securitas Fails To Allege A Breach Of The Contract’s Payment And Invoice Procedures Clause Or The Payment Clause And Thereby Fails To State A Claim Upon Which Relief Can Be Granted

In Complaint No. 07-255, Securitas argues that the Government breached the contract by demanding that Securitas repay it for overpayments as a result of Securitas’s over-billing for guard services it never performed. Compl. No. 07-255C ¶¶ 32-39. Specifically, Securitas posits that the Government’s recoupment of the overpaid funds breached both the “Payment and Invoice Procedures” and “Payments” clauses of the contract, as well as the Covenant of Good Faith and Fair Dealing. Id. ¶¶ 32-39, 41.[3]

[3] The first substantive paragraphs in Counts I and II allege that the Government’s claim for recoupment of its overpayment, as result of Securitas’s over-billing for guard services it never performed, is a material breach and cite to Northern Helix Co. v. United States, 455 F.2d 546, 550-51 (Ct. Cl. 1972). As we describe below, these paragraphs fail to state a claim.

First, Securitas argues that the Government's recoupment breached the Payment clause of the contract. Compl. No. 07-255C ¶¶ 33, 37. That clause reads:

> Payment. Payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in this contract. The government will make payment in accordance with the Prompt Payment Act (31 U.S.C. 3903) and OMB prompt payment regulations at 5 C.F.R. part 1315. If the Government makes payment by Electronic Funds Transfer (EFT), see 52.212-5(b) for the appropriate EFT clause.

48 C.F.R. § 52.212-4(i) (Feb 2002).

Obviously, this clause does not apply to the Government's recoupment because the Government's sole obligation under subparagraph (i) is to promptly pay for items (services) that have been delivered. This obligation is not triggered until services are delivered and upon submission of an invoice. DX A at 6. Securitas fails to allege that the Government failed to pay for any services rendered. Accordingly, Securitas fails to properly allege a breach of the Payments Clause and, therefore, these allegations should be dismissed pursuant to RCFC 12(b)(6).

Second, Securitas argues that the "Inspection/Acceptance" clause (48 C.F.R. § 52.212-4(a)) only permits the Government to require re-performance of nonconforming services. Compl. No. 07-255C ¶¶ 34, 38. That clause reads:

> (a) Inspection/Acceptance. The Contractor shall only tender for acceptance those items that conform to the requirement of the contract. The Government reserves the right to inspect or test any supplies or services that have been tendered for acceptance. The Government may require repair or replacement of nonconforming

---

Nonetheless, the cited case offers no support for Securitas's assertion that the Government's conduct is a material breach and is inapposite to the facts in this case. In <u>Northern Helix</u>, the Government's failure to pay a large amount over an extended period of time was indeed a conceded breach of its contractual obligation, but the issue there was whether the contractor had grounds to claim a total breach, which would allow it to quit the contract. <u>Id.</u> at 550. It did not involve a situation, such as the one here, where the Government recoups money it overpaid for services that the contractor never rendered.

> supplies or re-performance of nonconforming services at no increase in contract price. The Government must exercise its postacceptance rights (1) within a reasonable time after the defect was discovered or should have been discovered; and (2) before any substantial change occurs in the condition of the item, unless the change is due to the defect in the item.

48 C.F.R. § 52.212-4(a) (Feb 2002); DX A at 1.

Securitas's emphasis upon the "nonconforming services" provision is wholly inapplicable to this case. Securitas correctly notes that this clause provides "no right of recoupment of payments made for nonconforming services . . . only the right to require 're-performance of nonconforming services at no increase in contract price.'" Compl. No 07-255C ¶ 34. However, while that is true, it is totally misplaced because the claim at issue is based upon services that were never performed – not nonconforming services that were performed.

Moreover, it is absurd to insist that guard services that were not performed at particular places and times in the past must now be "re-performed."

Additionally, with respect to both its Payment clause and Inspection/Acceptance clause arguments, Securitas ignores the well-settled rule that the "the Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid. 'No statute is necessary to authorize the United States to sue in such a case. The right to sue is independent of statute,'" United States v. Wurts, 303 U.S. 414, 415 (1983) (quoting United States v. Bank of the Metropolis, 40 U.S. 377 (1841)). Thus, the Government was within its rights to seek recoupment of funds that it wrongfully paid based upon Securitas's own admission that it had over-billed for services it never performed. Compl. No. 07-255C ¶ 25.

Accordingly, Securitas fails to state a claim upon which relief can be granted and should the allegations should be dismissed pursuant to RCFC 12(b)(6).

III. The Court Should Dismiss Count III of Complaint No. 07-255C Because Securitas' Sole Ground For Alleging Breach Of The Covenant Of Good Faith And Fair Dealing Is Their Faulty Allegation That The Government Breached The Payment and Invoice Procedures Clause And The Payment Clause, Absent Such a Breach This Count Must Fail

In Count III of Complaint No. 07-255C, Securitas alleges that by virtue of the Government's breaches of the aforementioned clauses, the Government breached the covenant of good faith and fair dealing merits little discussion. In order for a plaintiff to successfully assert a claim for breach of the implied covenant of good faith and fair dealing respecting a contract with the Government, he or she "must allege and prove facts constituting a specific intent to injure [the] plaintiff on the part of the government[al] official." Pratt v. United States, 50 Fed.Cl. 469, 479 (2001) (citing Texas Instruments, Inc. v. United States, 991 F.2d 760, 768 (Fed.Cir.1993)). Securitas offers no basis upon which to assert that the contracting officer acted in bad faith by attempting to recoup funds that the Government wrongfully paid to Securitas and, subsequently, Count III of Complaint No. 07-255C offers nothing but a mere unsupported legal assertion and must be dismissed.

IV. The Court Should Dismiss Complaint No. 07-257 Because Securitas Fails To Allege A Breach Of The Contract's Payment And Invoice Procedures Clause And Thereby Fails To State A Claim Upon Which Relief Can Be Granted

In Complaint No. 07-257C, Securitas argues that it should be paid for preparing to perform armed patrol dog services, which were never ordered and never performed. Compl. No. 07-257C ¶¶ 21-24. Once again, Securitas points to the Payment and Invoicing Procedures clause for support. Id. at ¶ 29. As stated earlier, this clause requires that Securitas first show that it performed services for which it was entitled to payment pursuant to the contract. It does not, nor can it, make such a claim.

The contract at issue is a requirements contract for which security guard services are provided at an hourly fixed fee, for guard service hours actually rendered. Compl. No. 07-257C

¶ 19. While Securitas alleges that it should be compensated for preparing to provide armed patrol dog services, the contract simply does not support this assertion. To the contrary, the contract states that "payment shall be made for items accepted by the Government that have been delivered to the delivery destinations set forth in the contract." DX A at 3, (i). Before services may be delivered, the contract requires that they "be ordered by issuance of delivery orders or task orders by the [designated] individuals or activities . . . ." DX A at 8, clause 52.252-18. Here, the services were never ordered.

To be sure, as Securitas correctly states, the Government issued Task Order 7 funding 35,280 hours of Armed Patrol Dog Team services at a firm fixed price rate of €36.36. Complaint ¶ 20; DX B at 4. But the Task Order is composed of both the funding document (DX B at 1-6), which sets aside the estimated funds, and an attachment describing the specific services to be performed and a schedule specifying the hours and locations of those services identified by sub-CLINs (DX B at 7-8). Indeed, this is how Securitas was informed where and when to provide guards. And, in terms of patrol dog services, the schedule did not order any Armed Patrol Dog Services under sub-CLIN 1003AG. Id. It is clear then that while Armed Patrol Dog Services may have been funded, they were never ordered.[4]

In other words, this and every other task order provided a list of prospective services that could be requested during the period of the order and provided estimated hours that the Government might order. But it was the subsequent schedule that identified which services were required and identified specific hours and duty posts. For example, Task Order 7 listed Stationary Guard Armed, sub-CLIN 1003AA (designated by an arrow in the exhibit), with an estimated quantity of hours and corresponding estimated cost. DX B at 2. And, unlike the case

[4] No hours were ever charged against this sub-CLIN and, on May 25, 2005, funding for it was de-obligated. DX B at 14.

of the Armed Patrol Dog Services, the attachment assigned hours and places of duty for this sub-CLIN. DX B at 7-8.

In sum, Securitas fails to allege it delivered any Armed Patrol Dog Services. Further, Securitas fails to allege that these services ever were ordered and, in fact, they never were. Therefore, Securitas fails to state a claim upon which relief can be granted and this Court should dismiss Complaint No. 07-257C.

CONCLUSION

Because Securitas fails to allege any claims upon which relief can be granted in Complaint Nos. 07-255 and 257 and stipulated to dismissal of Complaint No. 07-256, the Court should dismiss the entire consolidated complaint.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, D.C. 20530
Tel: (202) 307-3390
Fax: (202) 514-8624

OF COUNSEL:

STANLEY E. ALDERSON
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice

LISA M. SATTERFIELD
Litigation Attorney
U.S. Army Legal Services Agency
901 North Stuart Street, Suite 400
Arlington, Virginia 22203

August 15, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on August 15, 2008, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Armando Rodriguez-Feo